# EXHIBIT A

1/7/2025 2:02 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 95944365
By: Adiliani Solis
Filed: 1/7/2025 2:02 PM



CAUSE NO. ____________

| | | |
|---|---|---|
| DIANA OLIPHANT<br>*Plaintiff*, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§ | HARRIS COUNTY, TEXAS |
| COSTCO WHOLESALE CORPORATION<br>*Defendant*. | §<br>§ | ______DISTRICT COURT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Diana Oliphant, and would respectfully show this Honorable Court as follows:

## I. DISCOVERY LEVEL

1. Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, discovery is intended in this lawsuit to be conducted under Level 2.

2. Pursuant to Tex. R. Civ. P. 47(c)(3), Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

## II. PARTIES AND SERVICE

3. Plaintiff Diana Oliphant is an individual residing in Harris County, Texas.

4. Defendant, Costco Wholesale Corporation is a foreign company conducting business in Texas and may be served with process via its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III. VENUE

5. Venue is proper in Harris County, Texas, under TEX. CIV. PRAC. & REM. CODE § 15.001 because all or a substantial part of the events or omissions giving rise to the claims occurred at a Costco Wholesale Corporation store located in Harris County, Texas.



Certified Document Number: 118301421 - Page 1 of 5

## IV. FACTUAL BACKGROUND

6. This is a premises liability case.

7. On September 18, 2023, while shopping at the Costco Wholesale ("Costco") store located at 1310 Jasmine Avenue, Webster, Texas 77598 in Harris County, Texas, the Plaintiff Diana Oliphant fell when she stepped upon a clear, slippery substance near the check-out cash registers inside of the store. Following the incident, Plaintiff heard a Costco employee remark words to the effect of "That must have been from that soap spill." Someone then brought a paper towel to wipe off the bottom of Plaintiff's shoe, and when the Plaintiff wiped off her shoe following the incident at issue, there was a clear, slippery substance (likely liquid soap) on the bottom of Plaintiff's shoe. No warning sign was erected in the area where the Plaintiff fell and sustained injury.

8. Plaintiff, who is in her 60's, suffered bodily injuries, including but not limited to, a broken patella and torn meniscus in her knee as a result of Defendant's negligence in this incident. Plaintiff has undergone physical therapy due to these injuries, and has a surgical recommendation from an orthopedic surgeon to repair her meniscus.

## VI. NEGLIGENCE (PREMISES LIABILTY)

9. Plaintiff incorporates all preceding paragraphs in this lawsuit as if set forth fully below.

10. On the day of her injury, Plaintiff was an invitee (business patron) to Defendant's store because she entered the Defendant's store with the Defendant's knowledge and for the parties' mutual benefit.

11. Defendant was the owner/possessor of the premises where the Plaintiff's injury occurred.



Certified Document Number: 118301421 - Page 2 of 5

12. A condition on the Defendant's premises (a clear, slippery substance on the floor near the cash registers inside the store, likely liquid soap) posed an unreasonable risk of harm to the Plaintiff.

13. Defendant negligently failed to inspect its premises concerning a dangerous condition (a clear, slippery substance, likely liquid soap from an earlier spill) on the floor and negligently failed to warn the Plaintiff of a dangerous condition which was not open and obvious to the Plaintiff, and which the Defendant knew about (as reasonably inferred from the Defendant's employee remarks to the effect of "That must have been from that soap spill") or should have known existed.

14. Because of the Defendant's negligence, Plaintiff suffered bodily injuries, including past/future medical expenses, past/future physical pain and suffering, past/future mental anguish, past/future physical impairment, and past/future physical disfigurement.

## VII. DEMAND FOR JURY TRIAL

15. Plaintiff hereby demands trial by jury and tenders the appropriate jury fee.

## VIII. PRAYER FOR RELIEF

16. Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant for:

A. Actual damages against Defendant, including physical pain and suffering, mental anguish, physical impairment, physical disfigurement, and medical expenses, in both the past and future for all aforementioned categories;

B. Exemplary damages;

C. Pre and post-judgment interest at the maximum rate allowed by law;

D. Costs of court;

E. Such other and further relief, legal or equitable, to which Plaintiff may show herself justly entitled.



Certified Document Number: 118301421 - Page 3 of 5

Respectfully submitted,

**TERRY & THWEATT, P.C.**

By: *<u>/s/ L. Lee Thweatt</u>*
L. Lee Thweatt
Texas Bar No. 24008160
Joseph D. Terry
Texas Bar No. 24013618
114 Byrne Street
Houston, Texas 77009
(713) 600-4710 Telephone
(713) 600-4706 Telecopier
jterry@terrythweatt.com
lthweatt@terrythweatt.com

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 118301421 - Page 4 of 5

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Larry Thweatt on behalf of Larry Thweatt
Bar No. 24008160
lthweatt@terrythweatt.com
Envelope ID: 95944365
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 1/7/2025 2:43 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Marie Olivier | | molivier@terrythweatt.com | 1/7/2025 2:02:08 PM | SENT |
| Larry LeeThweatt | | lthweatt@terrythweatt.com | 1/7/2025 2:02:08 PM | SENT |
| Britney Munguia | | britney@terrythweatt.com | 1/7/2025 2:02:08 PM | SENT |
| Ashley Guevara | | ashley@terrythweatt.com | 1/7/2025 2:02:08 PM | SENT |

Certified Document Number: 118301421 - Page 5 of 5

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this January 28, 2025

Certified Document Number: 118301421 Total Pages: 5

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2025-01061 / Court: 269

1/7/2025 2:02:08 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 95944365
By: SOLIS, ADILIANI A
Filed: 1/7/2025 2:02:08 PM

Marilyn Burgess
HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## REQUEST FOR ISSUANCE OF SERVICE

**CASE NUMBER:** ____________ **CURRENT COURT:** ____________

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE:** 01/07/2025 (Month/Day/Year)

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Costco Wholesale Corporation

Address: 1999 Bryan Street, Suite 900

City, State & Zip: Dallas, Texas 75201

Agent (if applicable) CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

- ☒ **Citation** ☐ **Citation by Posting** ☐ **Citation by Publication** ☐ **Citations Rule 106 Service**
- ☐ **Citation Scire Facias** **Newspaper**____________
- ☐ **Temporary Restraining Order** ☐ **Precept** ☐ **Notice**
- ☐ **Protective Order**
- ☐ **Secretary of State Citation ($12.00)** ☐ **Capias (not an E-Issuance)** ☐ **Attachment**
- ☐ **Certiorari** ☐ **Highway Commission ($12.00)**
- ☐ **Commissioner of Insurance ($12.00)** ☐ **Hague Convention ($16.00)** ☐ **Garnishment**
- ☐ **Habeas Corpus** ☐ **Injunction** ☐ **Sequestration**
- ☐ **Subpoena**
- ☐ **Other (Please Describe)** ____________

**(See additional Forms for Post Judgment Service)**

**SERVICE BY *(check one)*:**

- ☐ **ATTORNEY PICK-UP (phone)** ____________
- ☐ **MAIL to attorney at:** ____________
- ☐ **CONSTABLE**
- ☐ **CERTIFIED MAIL by District Clerk**
- ☒ **E-Issuance by District Clerk (No Service Copy Fees Charged)**

*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: ____________ Phone: ____________
- ☐ **OTHER**, *explain* ____________

**Issuance of Service Requested By:**

Attorney/Party Name: L. Lee Thweatt Bar # or ID: 24008160

Mailing Address: 114 Byrne Street, Houston, Texas 77009

Phone Number: 713-600-4710 Fax Number: 713-600-4706

Certified Document Number: 118301422 - Page 1 of 1

DISTRICT COURT OF HARRIS COUNTY TEXAS

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this January 28, 2025

Certified Document Number: 118301422 Total Pages: 1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

1/27/2025 10:53 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 96620778
By: Carly Mitchell
Filed: 1/27/2025 10:53 AM

CAUSE NO. 2025-01061

| | | |
|---|---|---|
| DIANA OLIPHANT, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| COSTCO WHOLESALE CORPORATION, | § | |
| | § | |
| Defendants. | § | 269TH JUDICIAL DISTRICT |

**DEFENDANT COSTCO WHOLESALE CORPORATION'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, COSTCO WHOLESALE CORPORATION (hereinafter referred to as "Defendant"), Defendant in the above-entitled and numbered cause of action and files this Original Answer to Plaintiff's Original Petition as follows:

## I. GENERAL DENIAL

1. In accordance with Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations in this lawsuit made by Plaintiff, Diana Oliphant, and demands strict proof thereof in accordance with the Constitution and laws of the State of Texas.

## II. AFFIRMATIVE DEFENSES

2. Without waiving or limiting its general denial or any of the defenses below, Defendant further pleads each of the following defenses in the alternative:

3. Defendant specifically denies that it breached any duty owed to Plaintiff and avers that Defendant acted at all times as would a reasonably prudent business under the same or similar circumstances.

Certified Document Number: 118616188 - Page 1 of 8

4. Defendant asserts that the Plaintiff's alleged injuries were caused, in whole or in part, by the acts, omissions, fault, negligence, responsibility, and/or other conduct on the part of Plaintiff or other individuals, over whom Defendant exercised no supervision or control, and said negligence was a proximate cause of Plaintiff's alleged injuries. The negligence of Plaintiff and/or lack of adequate and proper care for her own safety was the cause or a contributing cause of the accident made the basis of this suit and the resulting injuries and damages allegedly sustained by the Plaintiff.

5. Defendant asserts that the damages made the basis of this lawsuit were caused, in whole or in part, by the acts, omissions, fault, negligence, responsibility, and/or other conduct on the part of the Plaintiff or other individuals, over whom Defendant had no supervision or control, and said negligence was the cause-in-fact or proximate cause of the alleged damages.

6. Defendant further asserts that the damages alleged in this suit resulted from an intervening, superseding, new, or independent cause, each of which was the proximate cause, producing cause, or sole proximate cause of the alleged damages.

7. If the Defendant and anyone for whom Defendant may be responsible were guilty of any negligence, want of due care, or other legal fault constituting a proximate cause of the alleged accident in question, or if for any other reason Defendant would be responsible to Plaintiff in this suit, which is hereby denied, Defendant avers that Plaintiff was guilty of contributory negligence and/or comparative fault constituting a proximate cause of the alleged accident in question, and said contributory negligence and/or comparative fault is herein plead as a complete defense to all claims presented, or alternatively, in mitigation of damages.



Certified Document Number: 118616188 - Page 2 of 8

8. Plaintiff's injuries and damages, if any, were proximately caused, in whole or in part, by the acts, omissions, fault, negligence, responsibility, and/or other conduct on the part of Plaintiff or third parties over whom this Defendant had no control or right to control and over whom Defendant exercised no supervision and for whom this Defendant has no responsibility, and said negligence was a proximate cause or sole proximate cause of Plaintiff's alleged injuries or damages and/or the occurrence in question.

9. Defendant asserts that Plaintiff's claims for damages are barred, under section 33.001 of the Texas Civil Practice and Remedies Code, in the event the percentage of Plaintiff's responsibility is greater than fifty percent (50%), regardless of the theory of recovery pled.

10. Defendant invokes the doctrine of proportionate responsibility. Accordingly, while Defendant denies any liability herein, Defendant requests that the trier of fact compare the relative percentages of fault of Plaintiff, Defendant, and/or any other responsible third-party or parties, if any, pursuant to the doctrine of proportionate responsibility as set forth in Texas Civil Practice & Remedies Code section 33.001, *et seq*.

11. Defendant reserves the right to submit an issue on the negligence of the Plaintiff in accordance with section 33.003 of the Texas Civil Practice and Remedies Code.

12. Defendant further asserts that Plaintiff, through negligence or want of care, aggravated or failed to mitigate the effects of her injuries resulting from the event at issue.

13. Defendant asserts that any recovery by the Plaintiff of medical or healthcare expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code.



Certified Document Number: 118616188 - Page 3 of 8

14. Defendant further asserts that either some, or all, of Plaintiff's alleged medical expenses are neither reasonable nor medically necessary as a result of the alleged incident made the basis of this suit.

15. Defendant pleads pre-existing and/or subsequent injury as an affirmative defense, and further asserts that any condition which the Plaintiff is currently complaining of, which is due to a pre-existing condition and/or subsequent injury which was not exacerbated by the incident made the basis of this suit, is not a condition or injury for which Defendant is legally responsible.

16. Defendant asserts that if Plaintiff seeks recovery for loss of earnings, loss of earning capacity, and/or loss of contributions of a pecuniary value, evidence to prove the alleged loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law in accordance with Texas Civil Practice & Remedies Code section 18.091. Further, if Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of pecuniary value, and/or loss of inheritance, the Court shall instruct the jury as to whether any recovery for such compensatory damages sought by the claimant is subject to federal or state income taxes.

17. Defendant claims Plaintiff's recovery must be reduced by the percentage of negligence of Plaintiff, other Defendants, responsible third parties, and settling persons under Chapter 33 of the Civil Practice and Remedies Code.

18. Defendant would show that in the unlikely event it is found liable to Plaintiff, any such liability is expressly denied, and Defendant would show entitlement to indemnity, credit, offset, and/or contribution provided by the laws and the statutes of the State of



Certified Document Number: 118616188 - Page 4 of 8

Texas including, but not limited to, the provisions of Chapter 32 and Chapter 33 of the Texas Civil Practice and Remedies Code, as well as all other applicable laws and statutes, and pursuant to common law.

19. Defendant further pleads all applicable provisions of Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

20. Defendant specifically pleads and incorporates by reference as an affirmative defense all applicable damage caps and limitations upon any award of damages, both compensatory and punitive, which are provided by law.

21. Defendant affirmatively pleads that its liability, if any, which is denied, is limited by the damages provisions of Sections 41.001 through 41.013 of the Texas Civil Practice and Remedies Code, which are pled and incorporated herein by reference.

22. Defendant pleads that any punitive or exemplary damages assessed against it would violate the due process clauses found in the Fifth and Fourteenth Amendments of the U.S. Constitution.

23. Defendant pleads that any punitive or exemplary damages assessed against it would violate the Eighth Amendment of the U.S. Constitution as it applies to the states through the Fourteenth Amendment in that such award is potentially an excessive fine imposed without the protection of fundamental due process.

24. Defendant pleads that any award of exemplary damages is limited by Section 41.008 if the Civil Practice & Remedies Code.

25. Defendant affirmatively pleads that its liability, if any, which is denied, is limited by the damages provisions of Sections 41.001 through 41.013 of the Texas Civil Practice and Remedies Code, which are pled and incorporated herein by reference.



Certified Document Number: 118616188 - Page 5 of 8

26. Defendant pleads that any award of interest that is in excess of the applicable market rate of interest during the relevant time period would be arbitrary, violate public policy, and violate the due process and equal protection guarantees of the Texas and United States Constitutions.

## III. RIGHT TO AMEND

27. Defendant respectfully reserves the right to amend this Answer after it has had the opportunity to more closely investigate these claims as is its right and privilege under the Texas Rules of Civil Procedure and the laws of the State of Texas.

## IV. 193.7 NOTICE

28. In accordance with Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives Notice of its intent to use any and all documents produced in discovery herein at the time of the trial of this matter.

## V. REQUEST FOR JURY TRIAL

29. Defendant COSTCO WHOLESALE CORPORATION respectfully demands a trial by jury pursuant to the provisions of Rule 216 of the Texas Rules of Civil Procedure.

## VI. PRAYER

30. WHEREFORE, Defendant COSTCO WHOLESALE CORPORATION prays that the Plaintiff Diana Oliphant take nothing in his lawsuit against Defendant and that the Court grant Defendant such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.



Certified Document Number: 118616188 - Page 6 of 8

Respectfully submitted,

HEARD & MEDACK, P.C.

By: */s/ David W. Medack*
David W. Medack
State Bar No. 13892950
14100 Southwest Freeway, Suite 300
Sugar Land, Texas 77478
Telephone: (713) 772-6400
Facsimile: (713) 772-6495
dmedack@heardmedackpc.com

ATTORNEYS FOR DEFENDANT
COSTCO WHOLESALE CORPORATION

## CERTIFICATE OF SERVICE

Pursuant to Rule 21a of the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument was electronically served on all counsel of record, and/or email, and/or via facsimile transmission, and/or by certified mail, return receipt requested, on this the 27th day of January 2025.

L. Lee Thweatt
Texas Bar No. 24008160
Joseph D. Terry
Texas Bar No. 24013618
Terry & Thweatt, P.C.
114 Byrne Street
Houston, Texas 77009
(713) 600-4710 – Telephone
(713) 600-4706 – Facsimile
Email: jterry@terrythweatt.com
Email: lthweatt@terrythweatt.com

*Counsel for Plaintiff*

*/s/ David W. Medack*
David W. Medack



Certified Document Number: 118616188 - Page 7 of 8

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alyson Clark on behalf of David Medack
Bar No. 13892950
AClark@heardmedackpc.com
Envelope ID: 96620778
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant Costco Wholesale Corporation's Original Answer to Plaintiff's Original Petition
Status as of 1/27/2025 12:34 PM CST

Case Contacts

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Alyson Clark | | AClark@heardmedackpc.com | 1/27/2025 10:53:49 AM | SENT |
| Cendy Hernandez | | chernandez@heardmedackpc.com | 1/27/2025 10:53:49 AM | SENT |
| David W. Medack | | dmedack@heardmedackpc.com | 1/27/2025 10:53:49 AM | SENT |
| Joseph Terry | 24013618 | jterry@terrythweatt.com | 1/27/2025 10:53:49 AM | SENT |
| Larry Thweatt | 24008160 | lthweatt@terrythweatt.com | 1/27/2025 10:53:49 AM | SENT |

Certified Document Number: 118616188 - Page 8 of 8

DISTRICT COURT OF HARRIS COUNTY TEXAS

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this January 28, 2025

Certified Document Number: 118616188 Total Pages: 8

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Harris County Docket Sheet

# 2025-01061

**COURT:** 269th

**FILED DATE:** 1/7/2025

**CASE TYPE:** Other Injury or Damage

**OLIPHANT, DIANA**

**Attorney: THWEATT, LARRY LEE JR.**

**vs.**

**COSTCO WHOLESALE CORPORATION**

**Attorney: MEDACK, DAVID W.**

| Docket Sheet Entries | |
|---|---|
| Date | Comment |